1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10
11
12
13
14
15
16

| | |
|---|---|
| DOUGLAS MUNDLE, individually and on behalf all persons similarly situated,<br><br>                       Plaintiff,<br><br>      v.<br><br>DOXO, INC., a corporation, STEVEN SHIVERS, individually and as an officer of DOXO, INC., and ROGER PARKS, individually and as an officer of DOXO, INC.,<br><br>                       Defendants. | No.  24-893<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMAND**</u> |

17
18
19
20
21
22
23
24
25
26

COMPLAINT

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & McCARTHY L.L.P.**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     PARTIES ............................................................................................................. 2

        A.      Plaintiff ................................................................................................... 2

        B.      Defendants .............................................................................................. 3

III.    JURISDICTION AND VENUE ........................................................................... 4

IV.     FACTUAL ALLEGATIONS ............................................................................... 5

        A.      Doxo's Purported Payment Network ..................................................... 5

        B.      Doxo Misleads Customers with Deceptive Search Results .................... 5

        C.      Doxo Tricks Customers into Paying Unnecessary Fees ........................ 8

        D.      Doxo Has Ignored Complaints from Customers and Billers .............. 10

        E.      Defendants Were on Notice That Their Advertisements Were
                Misleading ............................................................................................ 14

        F.      Doxo Signs Up Users for Subscription Service Without Their
                Consent and Misleads Users on Terms of Subscription Service ....... 15

V.      CLASS ACTION ALLEGATIONS .................................................................. 20

        A.      Class Definitions .................................................................................. 20

        B.      Requirements of Federal Rule of Civil Procedure 23 ........................ 21

VI.     CLAIMS FOR RELIEF .................................................................................... 25

COUNT ONE — VIOLATIONS OF THE WASHINGTON CONSUMER
        PROTECTION ACT, RCW 19.86.020 ............................................................ 25

COUNT TWO — UNJUST ENRICHMENT ............................................................. 27

COUNT THREE — DECLARATORY RELIEF UNDER THE
        DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201 ............................... 28

VII.    CONCLUSION AND PRAYER FOR RELIEF ............................................... 28

VIII.   JURY DEMAND .............................................................................................. 29

COMPLAINT - i

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & McCARTHY L.L.P.**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

Plaintiff Douglas Mundle, individually and on behalf of all persons similarly situated, brings this Class Action Complaint ("Complaint") against Doxo, Inc. ("Doxo") and Doxo co-founders Steven Shivers and Roger Parks (collectively, "Defendants"). Plaintiff alleges the following on personal knowledge, investigation of counsel, and information and belief:

## I.      INTRODUCTION

1.      Online bill payment has been widely adopted across all sectors of the US economy because it provides a fast, cost-effective and secure way for consumers to directly pay their bills without having to write checks, buy stamps or use the post. In fact, nearly three-quarters of Americans pay their phone, internet, utilities and credit cards online or through a mobile device, over half pay cable, streaming service, insurance and car payments online, and over one-third pay healthcare and mortgages online.[1]

2.      Defendant Doxo and its founders, Defendant Shivers and Defendant Parks, have knowingly and willfully frustrated consumers' desires for cost-effective, timely and secure online payments by injecting their Doxo website between consumers and the legitimate online payment portals of consumers' service providers, saddling consumers with worthless subscriptions, junk fees, unnecessary payment delays and the added risk of mailed payments. Defendants purposefully deceive consumers into believing they have reached authentic payment portals and/or that Doxo is an authorized payment processor for consumers' service providers. In fact, Doxo is a completely unnecessary third-party that uses deception, dark patterns and look-alike web pages to extract unearned and unnecessary fees from consumers for the simple act of paying their bills online.

---

[1] *See Annual Report: The State of Online Payments 2024*, Regina Corso Consulting. Available at: https://invoicecloud.net/wp-content/uploads/2023/12/eb_state_of_online_payments_2024-FINAL.pdf (Last accessed June 20, 2024).

COMPLAINT - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

3.      Through this action, Plaintiff seeks to end Doxo's and its founders' fraudulent activity and return to consumers the millions of dollars of junk fees that Doxo extracted from consumers through fraud and deceit.

## II.      PARTIES

### A.      Plaintiff

4.      Plaintiff Douglas Mundle is a citizen of Connecticut and resides in Naugatuck, Connecticut.

5.      In or about 2019, Plaintiff sought to pay a medical bill and used a search engine to locate his doctor's payment portal. He was directed to the Doxo website, which he believed was the authorized online payment site of his doctor. After entering information through several successive screens, Plaintiff was asked to pay a service charge for making his online payment. Because Plaintiff believed that Doxo was his doctor's online payment provider, Plaintiff paid the fee thinking that it was required. Had Plaintiff known that the Doxo website was not his doctor's authorized payment portal, Plaintiff would have attempted to find the authorized payment portal and would have avoided paying Doxo's service fee.

6.      In or about 2021, Plaintiff sought to pay a toll charge for the NY State Thruway. He searched for the payment portal and was directed to the Doxo website. The website displayed the NY State Thruway name, so Plaintiff believed that the State had contracted with Doxo to provide its payment services. At the end of the payment process, Plaintiff was required to pay a service fee and because he believed that Doxo was the authorized payment site for the State, he paid the fee, thinking that it was required. Had Plaintiff known that the Doxo website was not the thruway's authorized payment portal, Plaintiff would have attempted to find the authorized payment portal and would have avoided paying Doxo's service fee.

COMPLAINT - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

7.    In May 2024, Plaintiff received a bill from his orthopedic surgeon, CT Orthopedics, that he sought to pay online. He searched for the online payment site and was directed to the Doxo website. Only after Plaintiff had entered his information through several screens was he presented with a $3.95 service fee in addition to the amount of his bill. Plaintiff was unhappy with this charge, but he paid it because he had already entered all of his information and he did not know if there was another way for him to pay without the service charge. The next day, Plaintiff called his doctor's office and was told that the office did not have any agreement with Doxo, did not authorize Doxo to manage its bill payments, and that the doctor's office had its own payment portal through which Plaintiff could have paid his bill without any added service fee. Had Plaintiff known that the Doxo website was not his doctor's authorized payment portal, Plaintiff would have attempted to find the authorized payment portal and would have avoided paying Doxo's service fee.

**B.    Defendants**

8.    Defendant Doxo, Inc. is a Washington corporation with its principal place of business at 411 108th Ave NE, Suite 700, Bellevue, Washington. Doxo transacts business in the Western District of Washington and throughout the United States. At all times relevant to this Complaint, Doxo has advertised and sold bill payment services to consumers throughout the United States.

9.    Defendant Steven Shivers is the Chief Executive Officer and co-founder of Doxo. At all times relevant to this Complaint, Steven Shivers controlled, or had the authority to control, or participated in Doxo's actions and policies, including those described in this Complaint. Shivers resides in the Western District of Washington and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & McCARTHY L.L.P.**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

10.     Defendant Roger Parks is the Vice President, Business Development and co-founder of Doxo. At all times relevant to this Complaint, acting alone or in concert with others, Parks has formulated, directed, controlled, or had the authority to control, or participated in Doxo's acts and practices, including those described in this Complaint. Parks resides in this District and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

### III.     JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*, because at least one Class Member, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Further, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings a federal claim under the Declaratory Judgment Act, 28 U.S.C. § 2201.

12.     This Court has personal jurisdiction over Defendants because *inter alia*, they regularly conduct business in Washington and have purposefully availed themselves of the privilege of conducting business in Washington. Defendants sell, market, and advertise Doxo's products and services to Plaintiff and Class Members located in Washington and, therefore, have sufficient minimum contacts to render the exercise of personal jurisdiction by this Court proper and necessary.

COMPLAINT - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

13.     Venue is proper in this District under 28 U.S.C. § 1391(a) through (d) because Doxo's principal place of business is located in this District and a substantial part of the events or omissions giving rise to the claims occurred in, was directed to, and/or emanated from this District.

## IV.     FACTUAL ALLEGATIONS

**A.     Doxo's Purported Payment Network**

14.     Doxo owns and operates doxo.com, a bill payment platform where customers can pay bills. Doxo.com has sections for bill categories such as auto insurance, electric, gas, health insurance and mortgage payments.

15.     Doxo claims to have a "Bill Pay Network" with "120,000+ service providers in the network."[2] As of June 3, 2024, Doxo lists 109,939 billers on Doxo's platform within the last 90 days, with an average bill payment of $139.[3]

16.     In reality, Doxo is not an official payment channel for the majority of billers listed on its website. According to a complaint filed by the Federal Trade Commission against Defendants on April 25, 2024 (the "FTC Complaint"), "[l]ess than 2% of the billers in Doxo's purported payment 'network' have authorized Doxo to received payments on their behalf."[4]

**B.     Doxo Misleads Customers with Deceptive Search Results**

17.     Doxo has paid millions in advertising on search engines to make their website appear as the first result for various billers.

---

[2] *See About*, Doxo (2024), https://www.doxo.com/w/about.

[3] *See Pay Bills in the USA*, Doxo (2024), https://www.doxo.com/g/united-states-of-america.

[4] Complaint at ¶ 24, *Fed. Trade. Comm'n v. Doxo, Inc.*, No. 2:24-cv-00569 (W.D. Wash. 2024), ECF No. 1 (hereinafter "FTC Complaint").

COMPLAINT - 5

**KELLER ROHRBACK L.L.P.**     **COTCHETT, PITRE & McCARTHY L.L.P.**

1201 Third Avenue, Suite 3200          999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052                 Seattle, WA 98103
TELEPHONE: (206) 623-1900              TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384              FACSIMILE: (650) 697-0677

18.     For example, Doxo paid for its ads to appear prominently on search engines when consumers search using "more than two dozen Labcorp-related words or phrases," such as "labcorp," "labcorp billing," "labcorp pay bill," "labcorp payment," and "labcorp pay my bill."[5]

19.     Doxo also took out ads to intercept consumers' searches attempting to directly reach Labcorp's website, by placing ads in searches for "labcorp.com" and "www.labcorp.com/billing," among others.[6]

20.     The FTC Complaint includes the following example of a search result for "Labcorp payment online bill pay"[7]:



---

[5] *Id.* at ¶ 27.
[6] *Id.*
[7] *Id.* at ¶ 15.

COMPLAINT - 6

**KELLER ROHRBACK L.L.P.**   **COTCHETT, PITRE & MCCARTHY L.L.P.**
1201 Third Avenue, Suite 3200          999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052                 Seattle, WA 98103
TELEPHONE: (206) 623-1900              TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384              FACSIMILE: (650) 697-0677

21.     As of May 2024, following the filing of the FTC complaint against it, Doxo no longer appears as the first search result for "Labcorp payment online bill pay," but it still appears as the fifth search result, with the same headline reading "Labcorp│Make Your Payment Online."



22.     Clicking the link from the Labcorp search result brings the user to a landing page with the biller's logo and an instruction to "Pay your LabCorp bill with doxo." The below image is taken from the FTC Complaint:



23.     As of June 2024, the landing page appears in substantially the same format as it does in the FTC Complaint.

KELLER ROHRBACK L.L.P.    COTCHETT, PITRE & MCCARTHY L.L.P.

1201 Third Avenue, Suite 3200          999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052                 Seattle, WA 98103
TELEPHONE: (206) 623-1900              TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384              FACSIMILE: (650) 697-0677

24.    The landing page also lists additional information from the biller, including their address, phone numbers, and a description of the company, creating the impression that Doxo is the biller's official billing platform.

25.    Doxo makes several misrepresentations that further reinforce this false impression. After billing information is entered, Doxo claims to "validate" this information. However, "in the large majority of cases, Doxo has no information about consumer's bills other than what consumers themselves provide."[8]

26.    Doxo also offers "[r]eal-time tracking" of payments, but Doxo admits in an internal document that "we don't know when payments are posted, and we should never talk about that."[9]

27.    Doxo claims to make payments "directly" to billers. However, in reality, Doxo "sends payment to the biller by paper check, delivered only days or weeks later."[10]

**C.    Doxo Tricks Customers into Paying Unnecessary Fees**

28.    Doxo does not disclose their delivery fee until customers are deep in the payment process. Before being informed of this fee, customers must enter the amount of their bill, their name, email address, account number, and zip code, and then they must wait while Doxo claims

---

[8] *Id.* at ¶ 30.
[9] *Id.*
[10] *Id.*

COMPLAINT - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COTCHETT, PITRE & MCCARTHY L.L.P.**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

to "validate" the customer's information. Next, the customer is prompted to create an account and provide payment information. Only after the customer provides all of this information, on the final screen before payment is processed, does Doxo's delivery fee appear.

29.     On the payment screen, the total amount of the payment is written in large green text, with Doxo's delivery fee written in faint gray text[11]:



30.     No explanation is given for the fee. Some customers, under the false impression that Doxo is their biller's official billing website, may assume that the fee is required by their biller. Others may not even notice the fee because Doxo hides it until the very end of the bill payment

---

[11] *Id.* at ¶ 22.

COMPLAINT - 9

KELLER ROHRBACK L.L.P.   COTCHETT, PITRE & MCCARTHY L.L.P.
1201 Third Avenue, Suite 3200        999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052               Seattle, WA 98103
TELEPHONE: (206) 623-1900            TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384            FACSIMILE: (650) 697-0677

flow and chooses for it to appear in miniscule, faint gray lettering. "Doxo charges fees for all credit and debit card payments and many payments via bank accounts," but customers would not have been charged these fees if they had paid their billers directly.[12]

**D.    Doxo Has Ignored Complaints from Customers and Billers**

31.    Doxo's own internal surveys have repeatedly found that a significant percentage of Doxo's customers "are unaware that they have a Doxo account or wrongly think that they are required to use Doxo's services."[13] According to a 2022 survey, approximately 30% of Doxo users who made at least eight payments "falsely thought that Doxo was the only way to pay their bills."[14]

32.    Tens of thousands of customers have contacted Doxo to register complaints that they were tricked into paying Doxo's fees.[15]

33.    Doxo users have made the following complaints, indicating that they believed they were paying their bills directly to their biller[16]:

1.    "I didn't even know that I was actually dealing with a third party bill pay system when the hospital doesn't even charge you to make a payment online";

2.    "DOXO spoofs [company name] pretending to be that water utility . . . . The[] way they position themselves makes it seem like it is the only way to pay your bill";

3.    "I was completely unaware I was using Doxo. They sleazily set it up some way, I dont know how, so you think you are paying directly";

4.    "this service is a scam! When you try to pay a toll for EZ pass this site links you to them instead of actual EZ pass and you dont know it. This just happened to me. I didnt realize that it wasnt the actual Ezpass payment site. They charged me a fee of $4 to pay my $3.10 toll";

---

[12] *Id.* at ¶ 35.
[13] *Id.* at ¶ 37.
[14] *Id.*
[15] *Id.* at ¶ 38.
[16] *Id.* at ¶ 39.

COMPLAINT - 10

5.    "Thought I was paying directly to m[y] lender. Turns out they are just a third party who forwards my payment. How do I know? My payment ended up being late since doxo sent it in 2 weeks later";

6.    "I am furious right now. I used Bing to look up paying my Labcorp bill online. Somehow an ad popped up before the Labcorp site. This site also used the Labcorp Logo on their site. I didn't realize until it was too late that I paid this site instead of Labcorp. They also charge a ridiculous fee";

7.    "So thinking I was paying this company but you're a third party, you electronically deduct the money instantly out of my bank account. Only to find out that you send the paper check to the person[,] that makes no sense."

34.    Doxo users also "reported that they were tricked into thinking that Doxo was their billers' chosen payment platform:"[17]

1.    "this service is a scam! When you try to pay a toll for EZ pass this site links you to them instead of actual EZ pass and you dont know it. This just happened to me. I didnt realize that it wasnt the actual Ezpass payment site. They charged me a fee of $4 to pay my $3.10 toll";

2.    "Thought I was paying directly to m[y] lender. Turns out they are just a third party who forwards my payment. How do I know? My payment ended up being late since doxo sent it in 2 weeks later";

3.    "I am furious right now. I used Bing to look up paying my Labcorp bill online. Somehow an ad popped up before the Labcorp site. This site also used the Labcorp Logo on their site. I didn't realize until it was too late that I paid this site instead of Labcorp. They also charge a ridiculous fee";

4.    "So thinking I was paying this company but you're a third party, you electronically deduct the money instantly out of my bank account. Only to find out that you send the paper check to the person[,] that makes no sense."

35.    Consumers also complained about Doxo "suddenly" adding fees at the end of the payment process and that they "did not know until it was too late that there was a sizable service charge."[18]

---

[17] *Id.* at ¶ 40.
[18] *Id.* at ¶ 41.

COMPLAINT - 11

KELLER ROHRBACK L.L.P.    COTCHETT, PITRE & MCCARTHY L.L.P.
1201 Third Avenue, Suite 3200          999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052                 Seattle, WA 98103
TELEPHONE: (206) 623-1900              TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384              FACSIMILE: (650) 697-0677

36.    Consumers have complained to Doxo that they "received warning letters from bill collectors for medical bills they had already paid" to Doxo.[19] Doxo customers have "had their water, gas, internet and electricity turned off," "missed child support payments," and "have double paid their bills (once to Doxo, once to the biller) to avoid service cutoffs – all for payments that Doxo promised them would be made 'directly' to their billers."[20]

37.    Defendants Parks and Shivers were aware of consumer complaints. Parks responded directly to consumers and Shivers "was directly informed that consumers frequently raised similar complaints" such as "confusion with us being the biller," "late fees" and "utilities getting turned off."[21]

38.    In July 2020, Parks responded to an inquiry from a state attorney general's office regarding Doxo's advertising and billing practices, and Parks acknowledged under oath that Doxo received complaints from consumers regarding "the relationship between Doxo and a [biller]."[22]

39.    In February 2021, Parks was informed via email that a credit card company had terminated Doxo's access to its network based in part on consumer complaints that Doxo had "intercept[ed] payments online to upcharge the [c]ustomers," and Parks negotiated directly with the credit card company to regain access to the network without any changes to Doxo's ads or payment flows.[23]

---

[19] *Id.*
[20] *Id.* at ¶ 42.
[21] *Id.* at ¶ 43.
[22] *Id.* at ¶ 44.
[23] *Id.* at ¶ 45.
COMPLAINT - 12

40.   In March 2021, in response to an investigation into Doxo by a second attorney general's office, Shivers responded, under oath, that the company had received 58 complaints from state agencies regarding its practices.[24]

41.   In March 2022, a toll authority spokesperson stated on a news report that consumers had been charged $100,000 in late fees due to Doxo's delayed payments, and Parks responded by accusing the toll authority spokesman of defamation.[25]

42.   Doxo universally rejects requests by billers to remove their name from doxo.com, and Parks has stated "Doxo does not consider requests from [b]illers to be removed from the directory.[26]

43.   In April 2020, a nationwide network of urgent care centers wrote to Parks stating that Doxo's ads and website were giving customers "false assurance that somehow Doxo is affiliated with or sponsored by" the company, but Doxo refused to delete the company from Doxo.com.[27]

44.   Several billers have issued public statements warning consumers that Doxo has deceptively designed its website to appear like the billers' authorized payment site[28]:

  1.   "Doxo has created a page with our logo and name that looks very official, but it is not" (water company);

  2.   "It may appear that Doxo.com is affiliated with [local hospital]. IT IS NOT";

  3.   "We have been receiving complaints that [Doxo] has set up online payment pages, claiming to be for [waste management company]";

---

[24] *Id.* at ¶ 46.
[25] *Id.* at ¶ 47.
[26] *Id.* at ¶ 50.
[27] *Id.* at ¶ 49.
[28] *Id.* at ¶ 52.

COMPLAINT - 13

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

4.     "Doxo.com is a 'bill payment' website that looks official but is NOT AFFILIATED with us" (water company) (emphasis in original);

5.     Doxo "linked their site to our website and tried to mimic our website—several errors exist but to the customer unfamiliar with our website, it will look legit" (utility company);

6.     "Third-party payment companies like doxo.com want you to think they are our partners assisting with your payment processing to us. Doxo.com and [physicians' group] are NOT partners."

## E.     Defendants Were on Notice That Their Advertisements Were Misleading

45.     As part of a 2021 compliance review, employees of a search engine concluded that Doxo's advertising headlines—for example, "AT&T｜Pay Your Bill Online"—"impl[y] a relationship" between Doxo and the biller and suggest that "Bill Pay is a service provided by [the biller]."[29]

46.     During this compliance review, the search engine employees remarked that Doxo's ads were "super misleading" and that Doxo's ads placed the "brand term at the top which makes you think you are on an authorized site."[30]

47.     At the time of its compliance review, the search engine had received complaints from more than 1,500 companies reporting that Doxo was using their trademarks without permission, which placed the company "among the highest trademark complaint receivers."[31]

48.     Compliance personnel found that Doxo had violated several of the search engine's policies, concluding that "Doxo's ads and URLs were misleading, that Doxo's use of billers' names and logos falsely implied a relationship with the biller, and that Doxo had failed to disclose terms in a clear and conspicuous manner."[32]

---

[29] *Id.* at ¶ 54.
[30] *Id.* at ¶ 55.
[31] *Id.* at ¶ 56.
[32] *Id.* at ¶ 57.

COMPLAINT - 14

49. Shivers and Parks discussed changes with search engine employees and "proposed that Doxo leave its ads and webpages for each biller unchanged unless the biller complained to the search engine multiple times."[33]

50. Today, Doxo's search engine headlines are substantially identical to those marked as falsely implying a relationship between Doxo and the biller. A May 2024 search for "AT&T Bill Pay" brings up a sponsored result for Doxo with the headline "ATT Pay │Make Your Payment Online".



**F.    Doxo Signs Up Users for Subscription Service Without Their Consent and Misleads Users on Terms of Subscription Service**

51. Doxo has also signed up its users for its paid subscription service without their knowledge or consent. At the end of the bill payment process, an unchecked checkbox appears to sign up for Doxo's doxoPLUS Subscription service.[34]

---

[33] *Id.* at ¶ 59.
[34] *Id.* at ¶ 61.

COMPLAINT - 15

KELLER ROHRBACK L.L.P.   COTCHETT, PITRE & MCCARTHY L.L.P.
1201 Third Avenue, Suite 3200          999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052                 Seattle, WA 98103
TELEPHONE: (206) 623-1900              TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384              FACSIMILE: (650) 697-0677

52.     Until February 2024, if consumers clicked on the link to Doxo's User Terms of Service, Doxo automatically clicked the box without alerting the consumer, causing users who did not notice this change to be signed up for doxoPLUS.[35]

---

[35] *Id.* at ¶ 62.

COMPLAINT - 16

53.     In or around March 2020, Doxo altered the text of this clickbox to make the cost of the doxoPLUS subscription less noticeable.[36]

54.     At the time the FTC Complaint was filed, Doxo promised in its subscription prompt that "doxoPLUS subscribers pay all their bills without payment delivery fees," but in fact Doxo charges the same fees it charges to non-subscribers "for all credit card and many debit card payments.[37]

55.     As of May 2024, Doxo has edited this message to say "doxoPLUS subscribers pay for free with a Linked Bank, ACH and most debit cards." However, Doxo still advertises "save $3.99 on this payment" even if the user pays with a credit card. Once a user is subscribed to doxoPLUS, any subsequent credit card payments would not be free, which is not obvious at this sign-up page.

---

[36] *Id.* at ¶ 64.
[37] *Id.* at ¶ 65.

COMPLAINT - 17

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

56.     In a 2019 presentation attended by Shivers and Parks, Doxo executives informed the Board that a "large number of users who enter doxoPLUS as part of the pay flow[] are . . . confused about the value proposition," and that there would be "much less risk of confusion or accidental subscriptions" if Doxo presented doxoPLUS as a standalone offer and not part of the bill payment flow.[38]

---

[38] *Id.* at ¶ 66.

COMPLAINT - 18

57.     Tens of thousands of consumers have complained directly to Doxo that they never signed up for a paid subscription and did not authorize any recurring charges. Among thousands of similar sentiments, consumers have expressed to Doxo that "I didn't sign up for this," "I wasn't trying to set up anything monthly," "I'm seeing charges that I didn't authorize," "I do not wish to use a service I didn't sign up for," "I didn't sign up for that," "I don't know what [this charge] is for," and "I didn't expect that money to be coming out."[39]

58.     In April 2020, Shivers and Parks were informed that 65% of doxoPLUS subscribers who cancelled either did not know they had a subscription or (wrongly) thought a subscription was required to use Doxo.[40]

59.     At a subsequent Board meeting, attended by Shivers and Parks, Doxo set a "long-term goal to eliminate users enrolling in doxoPLUS if [they] don't understand the offer," but, in the "near term," the company opted to keep the enrollment flow as-is to preserve doxoPLUS subscription rates.[41]

60.     In a 2022 Board meeting, attended by Shivers and Parks, the Board was presented with a survey that found that "approximately 40% of consumers charged for a doxoPLUS subscription were not aware that they had a doxoPLUS account" and many other consumers "were unaware that the account came with recurring and bill payment fees."[42]

61.     When consumers ask why they are being charged for an unwanted subscription service, Doxo representatives are trained to tell consumers "not that they affirmatively enrolled in

---

[39] *Id.* at ¶ 67.
[40] *Id.* at ¶ 68.
[41] *Id.*
[42] *Id.* at ¶ 69.

COMPLAINT - 19

doxoPLUS, but that a doxoPLUS account was 'created' when they 'chose[] the free delivery option' in their bill."[43]

62.     Doxo customer service representatives also attempt to dissuade users from cancelling by telling them the service can "help [them] save a lot of money on delivery fees" and "eliminate delivery fees"—even though Doxo also charges many doxoPLUS subscribers delivery fees.[44]

63.     Despite being aware of consumer confusion and many unwanted paid subscriptions, Doxo refuses to change its doxoPLUS enrollment process and has enlisted third party services "to fight chargebacks from consumers who have disputed Doxo's unauthorized doxoPLUS subscription fees."[45]

## V.     CLASS ACTION ALLEGATIONS

64.     The Class asserts claims against Defendants for violating the Washington Consumer Protection Act (Count 1), unjust enrichment (Count 2), and declaratory relief under the Declaratory Judgment Act (Count 3).

65.     Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of their claims regarding liability and entitlement to injunctive relief and damages on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

## A.     Class Definitions

66.     Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), as applicable, Plaintiff seek certification of the following nationwide class (the "Class"):

---

[43] *Id.* at ¶ 70.
[44] *Id.* at ¶ 71.
[45] *Id.* at ¶ 72.

COMPLAINT - 20

**All natural persons located in the United States who, within the Class Period: (a) provided credit card, debit card, bank account, or other financial account information to Doxo; and (b) were subsequently charged for Doxo products and/or services, including, but not limited to, Doxo's bill pay service and its monthly subscription plan "doxoPLUS," for the benefit of Doxo without the persons' prior informed authorization or consent.**

67. The "Class Period" for purposes of these definitions, and subject to modification prior to class certification, is January 1, 2008, the date of Doxo's incorporation, to the present.

68. Plaintiff reserves the right to modify the definitions of the Class and Class Period prior to class certification.

69. Excluded from the Class are governmental entities, Defendants, Defendants' affiliates, legal representatives, agents, parents, subsidiaries, employees, officers, directors, and immediate family members. Also excluded from the Class are any judicial officer presiding over this matter, members of their immediate family, and members of their judicial staff.

**B.    Requirements of Federal Rule of Civil Procedure 23**

70. **Numerosity: Rule 23(a)(1).** On information and belief, there are at least tens of thousands of Class Members in the nationwide Class. Accordingly, the members of the Class are so numerous and geographically dispersed that individual joinder of all Class Members is impracticable. While the exact number of Class Members is unknown to Plaintiff at this time, publicly available information including a lawsuit filed by the Federal Trade Commission reveals that, according to Doxo's own internal surveys, tens of thousands of consumers have complained to Doxo that they were misled.[46] Further, Doxo boasts that it has "help[ed] over 10 million people break free from the burden of paying bills."[47] Countless businesses and local governments have also warned their customers and residents against using Doxo and described their fraudulent

---

[46] *See* FTC Complaint at 3.
[47] Doxo (2024), https://www.doxo.com.

COMPLAINT - 21

**KELLER ROHRBACK L.L.P.**   **COTCHETT, PITRE & MCCARTHY L.L.P.**
1201 Third Avenue, Suite 3200      999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052             Seattle, WA 98103
TELEPHONE: (206) 623-1900          TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384          FACSIMILE: (650) 697-0677

business practices.[48] The names and addresses of Class Members are available from Doxo's records, and Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods.

71.     **Commonality and Predominance: Rules 23(a)(2) and 23(b)(3).** This Class Action involves common questions of law or fact, which predominate over any questions affecting individual Class Members. Included within the common questions of law or fact are, without limitation:

1.      Whether Defendants engaged in the conduct alleged herein;

2.      Whether Defendants misrepresented that Doxo is an official payment channel;

3.      Whether Defendants misrepresented, in connection with the advertising, marketing, promotion, or provision of Doxo's bill payment products or services, that consumers would pay the amount listed on their bill;

4.      Whether Defendants failed to clearly disclose material terms or to procure consent before charging a consumer's credit card, debit card, bank account, or other financial account for Doxo bill payment products or services, including Doxo's paid subscription plans;

4.      Whether one or more Defendants violated the Washington Consumer Protection Act, RCW 19.86 *et seq.*;

---

[48] *See, e.g.*, *Customer Warning About Doxo.com Third-Party Website*, Campbell County Health (Apr. 1, 2022), https://www.cchwyo.org/news/2022/april/customer-warning-about-doxo-com-third-party-webs (webpage instructing patients to pay medical bills directly to Campbell County Health and not to Doxo); *Doxo Bill Payment – Warning!*, Delaware Division of Revenue, https://revenue.delaware.gov/doxo-bill-payment-warning (webpage instructing consumers to pay tax bills directly to the Delaware Department of Revenue and not to Doxo); Customer Warning: Doxo.com Third-Party Payment Website, Trussville Gas & Water (2024), https://trussville.com/customer-warning-doxo-com-third-party-payment-website (webpage instructing customers to pay utility bills directly to Trussville Gas & Water and not to Doxo); *Resident Warning: Doxo.com*, Town of Queensbury, New York, https://www.queensbury.net/resident-warning-doxo-com (explaining that "Doxo.com is not affiliated with the Town of Queensbury in any way" and advising residents to pay bills directly to the Town of Queensbury and not to Doxo); *Doxo.com Notice*, Town of Payson, Arizona, https://www.paysonaz.gov/departments/water-department/customer-service/frequently-asked-questions-faqs (explaining that Doxo is not affiliated with the Town of Payson and instructing residents to pay utility bills directly to the Town of Payson and not to Doxo); *Online Bill Pay Warning*, City of Anderson, Indiana, https://www.cityofanderson.com/1228/Online-Bill-Pay-Fraud ("Doxo.com is a web site that attempts to charge Utility customers for online bill payment services. They have no affiliation with the City of Anderson and are not authorized to be taking payments.").

COMPLAINT - 22

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & MCCARTHY L.L.P.
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

5.      Whether one or more Defendants was unjustly enriched;

6.      Whether Plaintiff and other members of the Class were injured by Defendants' uniform unlawful conduct and, if so, the amount of damages owed to the Class;

7.      The appropriate measure of any statutory remedies recoverable by the Class; and

8.      The type and format of any injunctive relief.

72.      **Typicality: Rule 23(a)(3).** Plaintiff's claims are typical of other Class Members' claims because Plaintiff and Class Members were subjected to the same allegedly unlawful conduct and harmed in the same way. Plaintiff's damages and injuries are akin to those of other Class Members, and Plaintiff seeks relief consistent with the relief of the Class.

73.      **Adequacy of Representation: Rule 23(a)(4).** Consistent with Rule 23(a)(4), Plaintiff is an adequate representative of the Class because Plaintiff is a member of the Class and is committed to pursuing this matter against Defendants to obtain relief for the Class. Plaintiff has no conflicts of interest with the Class. Plaintiff's Counsel are competent and experienced in litigating class actions, including extensive experience in consumer protection litigation. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the interests of the Class.

74.      **Predominance & Superiority. Rule 23(b)(3).** Consistent with Rule 23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Common issues in this litigation also predominate over individual issues because the issues discussed in the above paragraph on commonality are more important to the resolution of this litigation than any individual issues. The purpose of class actions is to permit litigation against wrongdoers even when damages to individual Plaintiffs may not be sufficient to justify individual

**KELLER ROHRBACK L.L.P.    COTCHETT, PITRE & MCCARTHY L.L.P.**

1201 Third Avenue, Suite 3200          999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052                 Seattle, WA 98103
TELEPHONE: (206) 623-1900              TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384              FACSIMILE: (650) 697-0677

litigation. And here, the damages suffered by Plaintiff and the Class are relatively small compared to the burden and expense required to individually litigate their claims against Doxo. As such, individual litigation to redress Defendants' wrongful conduct would be impracticable. Individual litigation by each Class Member would also strain the courts. Moreover, individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. Conversely, class actions present far fewer management difficulties and provide the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

75.     **Risk of Prosecuting Separate Actions.** This case is appropriate for certification because prosecuting separate actions by individual proposed Class Members would create the risks of inconsistent adjudications and incompatible standards of conduct for Defendants.

76.     **Ascertainability.** The Class is defined by reference to objective criteria, and there is an administratively feasible mechanism to determine who fits within the Class. The Class consists of consumers who were harmed by Doxo's deceptive practices by paying fees that were deceptively added to their bills and/or enrolling in unwanted paid subscription plans. Further, membership in the Class can be determined by using Doxo's records.

77.     **Injunctive Relief.** Class certification is also appropriate under Rule 23(b)(2). Defendants, through their uniform conduct, acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive relief appropriate to the Class. Injunctive relief is necessary to uniformly protect the Class Members from unknowingly using Doxo's service in the future and incurring unwanted charges for Doxo's purported bill payment products and services. Plaintiff seeks prospective injunctive relief as a wholly separate remedy from any monetary relief.

COMPLAINT - 24

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

# VI.   CLAIMS FOR RELIEF

## COUNT ONE — VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.020
### (Against All Defendants)

78.   Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

79.   Plaintiff brings this claim on behalf of themselves and on behalf of the Class against Defendants.

80.   Washington's Consumer Protection Act ("Washington CPA") broadly prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code § 19.86.020.

81.   Defendants are "persons" as defined by Wash. Rev. Code § 19.86.010.

82.   Defendants advertised, offered, or sold goods or services in Washington and engaged in trade or commerce directly or indirectly affecting the people of Washington, as defined by Wash. Rev. Code § 19.86.010(2).

83.   Defendants engaged and continue to engage in unfair and deceptive acts and practices in the conduct of trade or commerce in violation of Wash. Rev. Code § 19.86.020 by, among other things, taking the following actions:

    1.    Misrepresenting that Doxo is an official payment channel, thereby misleading and deceiving consumers;

    2.    Misrepresenting, in connection with the advertising, marketing, promotion, or provision of Doxo's bill payment products or services, that consumers would pay the amount listed on their bill, thereby misleading and deceiving consumers;

    3.    Deceptively failing to clearly disclose material terms or to procure consent before charging a consumer's credit card, debit card, bank account, or other financial account for Doxo bill payment products or services, including Doxo's paid subscription plans;

KELLER ROHRBACK L.L.P.   COTCHETT, PITRE & MCCARTHY L.L.P.
1201 Third Avenue, Suite 3200        999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052               Seattle, WA 98103
TELEPHONE: (206) 623-1900            TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384            FACSIMILE: (650) 697-0677

4.     Charging consumers for fees and subscription plans without their knowledge or consent;

5.     Misstating, omitting or concealing other material facts concerning Doxo's products and services, thereby further misleading and deceiving Doxo consumers;

6.     Continuing to take steps to collect payments from Plaintiff and Class Members notwithstanding the above; and

7.     Developing, implementing, and executing upon a scheme to accomplish all of the above.

84.     Defendants' acts and omissions as alleged herein violate the Washington CPA because they: (1) are unfair or deceptive acts or practices; (2) are committed in the course of Defendants' business; (3) have a pervasive public interest impact and have the potential to deceive a substantial portion of the public; and (4) have caused injury to Plaintiff and Class Members in their business and/or property.

85.     As a direct result of Defendants' deceptive acts and practices as alleged herein, Plaintiff and Class Members paid for unwanted and unnecessary services and, in certain cases, paid late fees to their billers because of Doxo's belated payment to billers. Defendants' actions and inactions as alleged herein are the proximate cause of injury to Plaintiff and the Class.

86.     Defendants are liable to Plaintiff and the Class for damages in amounts to be proven at trial, including reasonable attorneys' fees, costs, and treble damages, as well as any other remedies the Court may deem appropriate under Wash. Rev. Code § 19.86.090.

87.     Members of the Class who reside and who used Doxo's services outside the State of Washington have standing to bring claims against Defendants for violations of the Washington CPA. The Washington CPA has extraterritorial jurisdiction and application, permitting out-of-state Plaintiffs to bring claims against businesses located in Washington State. *See Thornell v. Seattle Serv. Bureau, Inc.*, 184 Wash.2d 793, 804 (2015) ("Under the CPA, an out-of-state plaintiff may

**KELLER ROHRBACK L.L.P.**     **COTCHETT, PITRE & MCCARTHY L.L.P.**
1201 Third Avenue, Suite 3200              999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052                      Seattle, WA 98103
TELEPHONE: (206) 623-1900              TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384               FACSIMILE: (650) 697-0677

bring a claim against a Washington corporate defendant for allegedly deceptive acts."). Thus, victims of the conduct alleged herein who lived and used Doxo's services outside the State of Washington have enforceable rights under the Washington CPA.

**COUNT TWO — UNJUST ENRICHMENT**
**(Against All Defendants)**

88.     Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

89.     Plaintiff brings this claim on behalf of themselves and on behalf of the Class against Defendants.

90.     Defendants have received financial benefits from Doxo's deceptive and unjust practices of charging Plaintiff and Class Members unwanted fees and unwanted paid subscription plans for Doxo's purported products and services.

91.     Defendants' conduct demonstrates a purposeful plan to enrich themselves without providing any benefit to Plaintiff and Class Members. As alleged above, Defendants designed Doxo to disguise itself as the official payment channel for consumers to pay their bills. Plaintiff and Class Members were duped into using Doxo's platform, through deceptive advertisements and a misleading interface, and were led to believe they will pay the amount listed on their bill. But to the surprise of Plaintiff and Class Members, Doxo, at the end of the bill payment flow, charged additional fees in excess of their bill and/or fees for unwanted paid subscription plans.

92.     Defendants have received and retained unjust benefits from Plaintiff and Class Members for these unwanted fees and unwanted paid subscription plans, resulting in inequity. It is unconscionable, and inequitable, for Defendants to retain these benefits.

93.     Defendants knowingly accepted the unjust benefits of their fraudulent conduct.

**KELLER ROHRBACK L.L.P.**    **COTCHETT, PITRE & MCCARTHY L.L.P.**
1201 Third Avenue, Suite 3200          999 N. Northlake Way, Suite 215
Seattle, WA 98101-3052                 Seattle, WA 98103
TELEPHONE: (206) 623-1900              TELEPHONE: (206) 802-1272
FACSIMILE: (206) 623-3384              FACSIMILE: (650) 697-0677

94.     Equity in good conscience cannot permit Defendants to be financially and economically enriched for their unjust actions at Plaintiff's and the Class's expense.

95.     Plaintiff and the Class are entitled to restitution and/or disgorgement of Defendants' ill-gotten gains as a result of the unjust enrichment described herein.

## COUNT THREE — DECLARATORY RELIEF UNDER THE DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201
### (Against All Defendants)

96.     Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

97.     An actual and existing dispute exists between Plaintiff and Doxo which involves direct and substantial interests.

98.     Doxo's statements on its website have a tendency to mislead and deceive members of the Class.

99.     Plaintiff is entitled to have this Court establish by declaration their rights and legal relations under the Washington CPA.

100.     A judicial determination will be final and conclusive of Plaintiff's rights under the Washington CPA.

## VII.     CONCLUSION AND PRAYER FOR RELIEF

101.     For these reasons, Plaintiff and the Class seek an order certifying and allowing this case to proceed as a class action with Plaintiff Mundle as class representative for the Class and the undersigned counsel as class counsel. Plaintiff asks for an order awarding Plaintiff and the Class the following relief against Defendants:

(a)     Declaratory judgments;

(b)     Court costs;

COMPLAINT - 28

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COTCHETT, PITRE & McCARTHY L.L.P.
999 N. Northlake Way, Suite 215
Seattle, WA 98103
TELEPHONE: (206) 802-1272
FACSIMILE: (650) 697-0677

(c)     Actual damages in an amount to be proven at trial;

(d)     Statutory treble damages;

(e)     Punitive damages;

(f)     Disgorgement;

(g)     Restitution;

(h)     Pre- and post-judgment interest;

(i)     Reasonable investigative and attorneys' fees; and

(j)     All other relief, general or special, at law or in equity to which Plaintiff and the Class are justly entitled.

## VIII.   JURY DEMAND

102.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: June 21, 2024.                    Respectfully submitted,

**COTCHETT PITRE & MCCARTHY L.L.P.**                    **KELLER ROHRBACK L.L.P.**

By *s/ Thomas Loeser*                    By *s/ Derek Loeser*
By *s/ Karin Swope*                    By *s/ David Ko*
Thomas E. Loeser, WSBA #38701           By *s/ Andrew Lindsay*
Karin B. Swope, WSBA #24015             Derek W. Loeser, WSBA #24274
999 N. Northlake Way, Suite 215         David J. Ko, WSBA #38299
Seattle, WA 98103                       Andrew N. Lindsay, WSBA #60386
Phone: (206) 970-8181                   1201 Third Avenue, Suite 3200
Fax: (650) 697-0577                     Seattle, WA 98101
tloeser@cpmlegal.com                    Phone: (206) 623-1900
kswope@cpmlegal.com                     Fax: (206) 623-3384
                                        dloeser@kellerrohrback.com
                                        dko@kellerrohrback.com
                                        alindsay@kellerrohrback.com

*Attorneys for Plaintiff and the Putative Class*

COMPLAINT - 29