HONORABLE JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

DOUGLAS MUNDLE, individually and on behalf all persons similarly situated,

Plaintiff,

v.

DOXO, INC, a corporation; STEVEN SHIVERS, individually and as an officer of DOXO, INC.; and ROGER PARKS, individually and as an officer of DOXO, INC.,

Defendants.

Case No. 2:24-cv-00893-JNW

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

**NOTED FOR CONSIDERATION: December 20, 2024**

**ORAL ARGUMENT REQUESTED**

Defendants' Motion to Dismiss Amended
Complaint
(2:24-cv-00893-JNW)

1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

# TABLE OF CONTENTS

I.   Introduction ........................................................................................................... 1

II.  Background ............................................................................................................ 2

    A.  Doxo Is an Online Bill Paying System .......................................................... 2

    B.  Doxo's Ads Clearly Disclose that They Are Ads for Doxo............................ 2

    C.  Doxo Discloses that It Is Not Affiliated with Billers...................................... 2

    D.  Doxo Discloses its Fees and Payment Delivery Date Before Charging Users ................... 4

    E.  Plaintiffs' Allegations Do Not Explain How Plaintiffs Were Misled in Light of Doxo's Disclosures ........................................................................................ 5

III. Plaintiffs' Complaint Should Be Dismissed ......................................................... 7

    A.  Plaintiffs Fail to State a CPA Claim ............................................................... 7

        1.  The Court Previously Held That Doxo's Website is Not Unfair or Deceptive ........... 8

        2.  Plaintiffs Fail to Allege an Unfair or Deceptive Act ............................... 9

        3.  Plaintiffs' CPA Claim Fails Because Plaintiffs Fail to Allege Causation ................. 14

    B.  Plaintiffs Fail to State a Claim for Unjust Enrichment Because They Received Value in Exchange for Fees ....................................................................... 18

    C.  Plaintiffs Fail to State a Claim for Declaratory Relief.................................... 20

    D.  Plaintiffs Impermissibly Rely On Time-Barred Claims ................................. 21

IV. Plaintiffs Fail to State a Claim For Individual Liability Against Shivers and Parks ............. 22

V.  Conclusion ............................................................................................................ 24

1

## I.    **INTRODUCTION**

Plaintiffs' Original Complaint alleged claims under Washington's Consumer Protection Act ("CPA") on behalf of a proposed class.  Dkt. 1.  The proposed class included people who subscribed to Defendant Doxo, Inc.'s ("Doxo") doxoPLUS subscription service.  Defendants moved to dismiss on multiple grounds, including a particularly glaring omission: the only named plaintiff did not allege that he ever subscribed to doxoPLUS.  Dkt. 14.

Plaintiffs responded by filing an Amended Complaint.  Dkt. 25.  But it largely ignores the fatal flaws discussed in Defendants' first motion to dismiss and introduces new problems that warrant its dismissal under Rule 12(b)(6).  As discussed further below:

- Plaintiffs still base their consumer deception claim on the same Doxo webpages that this Court previously held could not plausibly confuse any reasonable consumer.  *See CMRE Fin. Servs. Inc. v. Doxo Inc.*, 2022 WL 16701259, at *9 (W.D. Wash. Oct. 7, 2022), *report and recommendation adopted*, 2022 WL 16699090 (W.D. Wash. Nov. 3, 2022).

- Plaintiffs still ignore multiple disclaimers on Doxo's website.

- Plaintiffs still cut and paste most of their allegations from a complaint filed in this Court by the Federal Trade Commission ("FTC"), even though most of those allegations have nothing to do with the named Plaintiffs.[1]

- Plaintiffs still allege acts falling outside of the applicable statutes of limitations.

Instead of addressing these problems, the Amended Complaint adds a new plaintiff, Pamela Knight, who allegedly had a doxoPLUS subscription.  But her addition is unavailing because she fails to allege Defendants made any misleading representation to her: she alleges she never heard of Doxo and never visited its website.  She does not even meet the definition of the proposed class. Thus, Plaintiffs' Amended Complaint fails to allege cognizable claims for relief, and dismissal is warranted.

---

[1] *FTC v. Doxo, Inc.*, No. 2:24-cv-00569 (W.D. Wash. 2024), Dkt. 1 (the "FTC Action").

Defendants' Motion to Dismiss Amended
Complaint
(2:24-cv-00893-JNW)

1

## II.    BACKGROUND

### A.    Doxo Is an Online Bill Paying System

Doxo is an online bill-pay service that allows users to pay their bills over the internet for a fee.  Am. Compl. ¶¶ 23, 73.  As this Court has already found, "Doxo offers a streamlined and secure all-in-one online bill-paying system through which millions of consumers can pay their bills to tens of thousands of billers across the country."  *CMRE*, 2022 WL 16701259 *2.  Users "organize all their biller accounts, manage all their due dates, and pay all their bills through a single mobile or online application, with a single login, while keeping sensitive payment information in one place."  *Id*.  Additionally, Doxo offers a subscription service, doxoPLUS, that allows users to pay bills for free and provides $1 million in identity theft protection. Am. Compl. ¶ 73.  Defendants Shivers and Parks are Doxo's CEO and Vice President of Business Development, respectively. *Id*., ¶¶ 24–25.

### B.    Doxo's Ads Clearly Disclose that They Are Ads for Doxo

Doxo advertises its services through online search engines.  Am. Compl. ¶ 32.  When a consumer searches for ways to pay their biller online, an ad for Doxo may appear.  *Id*., ¶ 35.  When a Doxo ad appears among search results, the ad is labeled as an "Ad" or "Sponsored," includes Doxo's web address and phrases like "Submit Your [biller] Payment Online *with doxo*" and "Pay Your [biller] Bill *with doxo*," and includes a link showing *Doxo's* website. *Id*., ¶¶ 35, 68 (emphases added).

### C.    Doxo Discloses that It Is Not Affiliated with Billers

A user who clicks on an ad or search result is directed to what is plainly *Doxo's* landing page, as this Court previously held:

Am. Compl. ¶ 37 (emphasis added); *see also CMRE*, 2022 WL 16701259, at *9.  The landing page also includes the following disclosures and information:[2]

- "doxo is *not an affiliate* of [biller]."

- "*No endorsement* has been given nor is implied."

- "Logos and other trademarks within this site are the property *of their respective owners*."

- Doxo's logo.

- Links that read, "doxo.com," "About the doxo Network," "doxo for business," and "Preventing fraud with doxo."

- A link to the *biller's* website.

- A list of other billers also paid by Doxo users.

- Other categories of billers that can be added.

---

[2] The Complaint copies and pastes an image of the landing page as it appeared in the complaint in the FTC Action, but the FTC selectively cropped the image to remove disclosures and Doxo branding.  *Compare* Am. Compl. ¶ 37, *with* Declaration of Steven Shivers ("Shivers Decl."), Ex. A.  The full image clearly shows that the landing page is part of Doxo's website, not a third-party biller's.  *See* Shivers Decl., Ex. A.

Defendants' Motion to Dismiss Amended Complaint
(2:24-cv-00893-JNW)

3

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Declaration of Steven Shivers ("Shivers Decl."), Exs. A, B.  Immediately following the landing page in Doxo's checkout process, Doxo once again explains that it "is a secure all-in-one service . . . enabling reliable payment delivery to thousands of billers," Doxo "is not an affiliate of [biller]," and "[n]o endorsement has been given nor is implied." *Id.*, Exs. C, D.

Notably, this Court may consider the Doxo web pages incorporated by reference in Plaintiffs' Amended Complaint on a motion to dismiss.  *See Al-Bustani v. Alger*, 2023 WL 1778814, at *3 (W.D. Wash. Feb. 6, 2023) (a plaintiff may not avoid dismissal "'by deliberately omitting documents upon which their claims are based'") (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)); *Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 852 n.4 (W.D. Wash. 2023), *aff'd*, 2024 WL 2206454 (9th Cir. May 16, 2024) (on motion to dismiss CPA claim, considering "full versions" of defendant's online terms).  Alternatively, the Court may take judicial notice that certain information is published on Doxo's website.  *CMRE*, 2022 WL 16701259, at *4 (taking judicial notice of Doxo's website because "[i]n general, websites and their contents may be judicially noticed."); *Heinz v. Amazon.com Inc.*, 2024 WL 2091108, at *3 (W.D. Wash. May 8, 2024) (taking judicial notice of "documents . . . publicly available on Amazon's website"); *see also* Fed. R. Evid. 201(b).  Thus, as this Court previously concluded, where "review of the web pages in the context in which they are seen by consumers when they are using Doxo's website is necessary to determine if the webpages are deceptive," the Court can and should consider Doxo's website on a motion to dismiss.  *CMRE*, 2022 WL 16701259, at *4.

### D.    Doxo Discloses its Fees and Payment Delivery Date Before Charging Users

Doxo's landing page expressly states: "Payments are free with a Linked Bank Account. Other payments may have a fee, which will be clearly displayed before checkout."  Shivers Decl., Exs. C, D.  As promised, Doxo clearly displays the amount of the fee (if applicable) prior to checkout completion.  Am. Compl. ¶ 44 ("$3.99 Payment Delivery Fee").  The consumer then sees the total charge (which is greater than the amount the user entered if a fee applies), the fee to be paid, and a bright blue button for questions about the fee.  *Id.*; Shivers Decl., Exs. C, D.  Doxo also explicitly discloses the payment delivery date before users complete payment.  Am. Compl. ¶ 44

1  ("Delivery by: April 23"); *id*., ¶ 69 ("Delivery by: November 3"); *id*., ¶ 73 ("Delivery by: June

2  4"); Shivers Decl., Ex. C (listing "payment delivery" times by payment option).

3        Doxo presents all this information before finalizing the transaction.  Am. Compl. ¶¶ 44,

4  69, 73; Shivers Decl., Exs. C, D.

5        **E.**      **Plaintiffs' Allegations Do Not Explain How Plaintiffs Were Misled in Light of**

6                **Doxo's Disclosures**

7        Against this backdrop, Plaintiffs Mundle and Knight assert claims for violations of the

8  CPA, unjust enrichment, and declaratory relief.  Am. Compl. ¶¶ 97–125.  Mundle's core allegation

9  is that he believed Doxo was the authorized payment portal for his billers and was duped into using

10  Doxo's website to pay his bills and thereby paid service fees he otherwise would not have paid.

11  *Id*., ¶¶ 6–8.  He concedes, however, that he was aware of the fees before making payment.  *Id*.

12        Mundle alleges he used Doxo's website three times.  In 2019, he allegedly "typed his

13  doctor's name into a search engine" and "was directed to the Doxo website."  *Id*., ¶ 6.  Had he

14  known Doxo's "website was not his doctor's authorized payment portal," he allegedly "would

15  have attempted to find the authorized payment portal and would have avoided paying Doxo's

16  service fee."  *Id*.  Next, in 2021, Mundle "searched for the payment portal on Google" for the NY

17  State Thruway, clicked on a search result, and "arrived at a payment website."  *Id*., ¶ 7.  He

18  allegedly "believed that Doxo was the authorized payment site for the State."  *Id*.  Finally, Mundle

19  alleges that, in 2024, he "used Google to search for the online payment site for CT Orthopedics."

20  *Id*., ¶ 8.  He allegedly was "presented with a $3.95 service fee," which he paid because "he did not

21  know if there was another way for him to pay without the service charge."  *Id*.

22        Mundle does not allege Defendants were responsible for any of the search results, nor does

23  he specify whether the results were advertisements or organic results.  He also does not allege that

24  he read *any* affirmative statement on Doxo's website or how he missed the multiple disclaimers

25  appearing throughout the checkout process disclosing that Doxo is not affiliated with the billers in

26  question.  Further, he does not claim to have read any statement by Doxo that represented itself as

27  an "authorized payment site" for the NY State Thruway or CT Orthopedics in 2021 or 2024 (nor

Defendants' Motion to Dismiss Amended
Complaint
(2:24-cv-00893-JNW)

5

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

does he allege that he believed Doxo's website was CT Orthopedics' authorized payment site). Rather, Mundle alleges Doxo's website did not affirmatively disclaim affiliation with his billers. *Id.*, ¶¶ 6–8. The only reason he gives for believing Doxo was an "authorized payment site" is that the website somewhere included the name of certain billers. *Id.*, ¶ 7.

Knight's core allegation is that she was charged for a doxoPLUS subscription she did not want. *Id.*, ¶¶ 10–22. She alleges she placed orders by phone from a retailer, Seventh Avenue, and later discovered charges from Doxo, including "on information and belief" charges for a doxoPLUS subscription. *Id.*, ¶¶ 11, 17, 20. However, she did not shop or place orders online and has "no prior recollection of ever navigating to Doxo's website." *Id.*, ¶¶ 11, 16, 18. Confusingly, though Knight alleges she did not use Doxo's services, she also alleges she would not have used Doxo to make payments if she had known Doxo charged fees. *Compare* Am. Compl. ¶ 19 (Plaintiff Knight "always paid Seventh Avenue directly using her debit card") *with* Am. Compl. ¶ 22 ("Plaintiff Knight would have instead paid Seventh Avenue directly"). The Court "is not required to accept inconsistent allegations as true." *Ahmadi v. Nationstar Mortg.*, LLC, 2016 WL 7495826, at *4 (C.D. Cal. Mar. 31, 2016). In any event, after discovering what she believes were doxoPLUS charges, Knight called Doxo's customer service line to cancel her account, and Doxo immediately complied. *Id.*, ¶ 19.

Knight does not allege that she saw or read *any* misleading statement by Doxo. Nor does she allege Doxo did anything to deceive her into signing up for a Doxo account. *Id.*, ¶¶ 9–22. She also does not allege any mechanism—plausible or otherwise—whereby Doxo obtained her billing information. She simply states she doesn't recall subscribing.

Based on the above allegations, Plaintiffs propose a class comprised of people who— between January 1, 2008, and the present—provided "financial account information to Doxo" and were "charged for Doxo products and/or services, including, but not limited to, Doxo's bill pay service and its monthly subscription plan 'doxoPLUS,'" without their consent. *Id.*, ¶¶ 85–86.

### III.    PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "include enough facts 'to raise a right to relief above a speculative level,'" and "a formulaic recitation of the elements of a cause of action will not do." *Whitaker v. Tesla Motors, Inc*., 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Allegations that "are merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility of entitlement to relief." *Heinz*, 2024 WL 2091108, at *2 (cleaned up, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Thus, "a plaintiff must have pled more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. (cleaned up).  Failure to "make sufficient particularized allegations" as to each named defendant is "a basis for dismissal."  *MFG Universe Corp. v. Next Gen LED, Inc.*, 2022 WL 3028081, at *2 (W.D. Wash. Aug. 1, 2022).

Further, Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead with particularity any allegation that a defendant committed fraud or "intentionally misled the public."  *Gray*, 653 F. Supp. 3d at 858 (Rule 9(b) applied to claims that defendant "misleadingly represented" use of consumer information and "created a false impression"); *see also In re Amazon Serv. Fee Litig*., 2024 WL 3460939, at *5 (W.D. Wash. July 18, 2024) (Rule 9(b) applied to claims that defendant "made false and misleading statements regarding its service fee").  Rule 9(b) applies even where a CPA claim is only "partially based" on allegedly fraudulent activity, repeated references to "deceptive, unconscionable, or fraudulent representations."  *Carter v. Ethicon Inc.*, 2021 WL 1893749, at *2 (W.D. Wash. May 11, 2021); *see also Shellenberger v. AIG WarrantyGuard, Inc.*, 2024 WL 4144108, at *3 (W.D. Wash. Sept. 11, 2024).  Thus, a plaintiff alleging a CPA action sounding, even in part, in fraud must allege with particularity "the who, what, when, where, and how of the misconduct charged." *Carter*, 2021 WL 1893749, at *2.

Plaintiffs' causes of action fail these standards.

#### A.    Plaintiffs Fail to State a CPA Claim

Plaintiffs fail to allege any plausible violation of the CPA.  To prevail on a CPA claim, a plaintiff must allege, among other elements, the existence of "an unfair or deceptive act or

1   practice" and injury "caused by the unfair or deceptive act or practice." *Keodalah v. Allstate Ins.*

2   *Co*., 194 Wash. 2d 339, 349–50 (2019).  Failure to prove any element is fatal.  *Id.*; *Storey v.*

3   *Amazon.com Servs. LLC*, 2024 WL 2882270, at *7 (W.D. Wash. June 7, 2024).  For the following

4   reasons, Plaintiffs' allegations cannot establish the necessary elements.

          **1.**     **The Court Previously Held That Doxo's Website is Not Unfair or**

5

6                  **Deceptive**

7        This is not the first time this Court has considered whether Doxo's website violates the

8   CPA.  The Court previously examined Doxo's webpages—under the judicial notice and

9   incorporation by reference doctrines—and held that a reasonable consumer could not plausibly

10   believe Doxo is a biller's official payment channel.  *CMRE*, 2022 WL 16701259, at *4–5.  Thus,

11   the Court dismissed all claims against Doxo, including a CPA claim.  *Id.* at *10.

12        In *CMRE*, two debt-collection agencies sued Doxo under the Lanham Act and the CPA,

13   alleging Doxo falsely represented itself as their affiliate and "misle[d] customers into believing

14   that Plaintiffs endorse[d] or sponsor[ed] Doxo's bill-payment services." *Id.* at *1.  On a Rule 12(c)

15   motion applying the same standard applicable here, Judge Jones determined Doxo's website

16   clearly discloses that Doxo is not an official billing channel: Doxo's users "encounter additional

17   notices in the payment checkout process *specifically disclaiming* any endorsement, sponsorship,

18   or affiliation by any biller." *Id.* at *7 (emphasis added).

19        "Every page of Doxo's website, located at doxo.com, prominently features the DOXO

20   word mark, Doxo's logo, and top and bottom banners in the Doxo blue." *Id.* at *2.  Further, Doxo's

21   "home page includes numerous other indications that Doxo is the source of the website's content,

22   such as use of the terms doxoPLUS, doxoDIRECT, and doxoINSIGHTS, and a copyright and

23   trademark notice ('© 2022 doxo inc., doxo is a registered trademark of doxo inc.')." *Id.*  Thus, the

24   Court held "it is *not plausible that any reasonable consumer accustomed to navigating the internet*

25   *would be confused*." *Id.* at *9 (emphasis added).  Accordingly, the Court dismissed the plaintiffs'

26   claims. *Id.*

27

Defendants' Motion to Dismiss Amended
Complaint
(2:24-cv-00893-JNW)

8

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

The Amended Complaint's allegations are substantively identical to those in *CMRE*. *Compare* Am. Compl. ¶ 2 (alleging Doxo "purposefully deceive[s] consumers into believing they have reached authentic payment portals and/or that Doxo is an authorized payment processor for consumers' service providers") *with CMRE*, 2022 WL 16701259, at *1 (plaintiffs alleged Doxo's website "misle[d] customers into believing that Plaintiffs endorse or sponsor Doxo's bill-payment services"). Indeed, the Amended Complaint quotes extensively from the checkout pages of Doxo's website, just as in *CMRE*. *Compare, e.g.*, Am. Compl. ¶¶ 6–8, 37–39 *with CMRE*, 2022 WL 16701259, at *1–2. And both cases involve an alleged violation of the CPA. *Compare* Am. Compl. ¶¶ 97–106 *with CMRE*, 2022 WL 16701259, at *1.

### 2.    Plaintiffs Fail to Allege an Unfair or Deceptive Act

Like the CPA claim in *CMRE*, Plaintiffs' CPA claim fails because they fail to allege Defendants engaged in an unfair or deceptive act, which is a matter of law for the Court to decide. *See Maple v. Costco Wholesale Corp.*, 649 F. App'x 570, 572 (9th Cir. 2016); *see also Robertson v. GMAC Mortg. LLC*, 982 F. Supp. 2d 1202, 1209 (W.D. Wash. 2013), *aff'd on other grounds*, 702 F. App'x 595 (9th Cir. 2017); *In re Amazon Serv. Fee Litig.*, 2024 WL 3460939, at *6.

An "unfair" act is one that "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves." *Gray*, 653 F. Supp. 3d at 858 (cleaned up). An injury is "reasonably avoidable" where "consumers have reason to anticipate the impending harm and the means to avoid it, or if consumers are aware of, and are reasonably capable of pursuing, potential avenues toward mitigating the injury after the fact." *Hong v. Bank of Am., N.A.*, 2021 WL 3207684, at *6 (W.D. Wash. July 29, 2021), *aff'd sub nom.*, *Hong v. Bank of Am., NA*, 2022 WL 2235469 (9th Cir. June 22, 2022) (cleaned up). Statements on a website are not "unfair" under the CPA where the website discloses the possibility of a plaintiff's complained-of injury. *See Gray*, 653 F. Supp. 3d at 858–59 ("consumers would have 'reason to anticipate' their injury and 'the means to avoid it'—*i.e.*, by reviewing the Alexa Terms and declining to purchase and use an Alexa-enabled device"). Further, a plaintiff has no claim under the CPA where he "could have avoided" his alleged injury in light of a defendant's disclosures but chose

1    not to do so. *See Childress v. Liberty Mut. Fire Ins. Co.*, 2011 WL 887975, at *2 (W.D. Wash.
2    Mar. 11, 2011).

3        A "deceptive" act is one that "is likely to mislead a reasonable consumer." *Gray*, 653 F.
4    Supp. 3d at 858 (quoting *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 895 (2009)).
5    In the context of an online transaction, a website is not "deceptive" under the CPA where the site
6    puts a plaintiff on notice of the complained-of acts. *See id.* at 858–59 ("applicable policies d[id]
7    not conceal Amazon's use of Alexa-captured voice data for advertising purposes, but instead
8    contemplate[d] that very practice;" as a result, "Amazon's disclosures [were] not 'likely to mislead
9    a reasonable consumer'" and "[were] not deceptive") (internal citation omitted); *Shellenberger*,
10    2024 WL 4144108, at *6 (marketing materials were not deceptive where they contained a link to
11    complete terms and conditions, which "specifically addresse[d] most all of the allegedly deceptive
12    conduct"). This makes sense, considering "that consumers who use the internet for shopping are
13    generally quite sophisticated about how the internet functions." *Lerner & Rowe PC v. Brown*
14    *Engstrand & Shely LLC*, 2024 WL 4537915, at *6 (9th Cir. Oct. 22, 2024) (cleaned up).

15        Where a defendant discloses that it may undertake an act and then performs that act, the
16    act is not deceptive. *Childress*, 2011 WL 887975, at *2 ("In light of those disclosures, plaintiffs
17    cannot show that they were deceived."); *Shellenberger*, 2024 WL 4144108, at *8 ("a consumer
18    cannot plead deception under the CPA based on 'surprise' contract terms that were fully and
19    sufficiently disclosed to her, but that she failed to read"). Thus, disclosures contrary to a plaintiff's
20    alleged confusion preclude any claim that a reasonable consumer would be misled, and the
21    complaint may be dismissed at the Rule 12(b)(6) stage. *CMRE*, 2022 WL 16701259, at *9–10.
22    Moreover, the Court has determined that, where (as here) a defendant charges a fee, disclosure of
23    the fee during the checkout process is not deceptive. *See In re Amazon Serv. Fee Litig.*, 2024 WL
24    3460939, at *8. This is especially true where the addition of a fee makes the final purchase's listed
25    total greater than the purchase price. *See id.* ("Indeed, it would be difficult not to notice the fee
26    based on Plaintiff's chosen example, where the sole purchased item costs $4.29 but the final order
27    total is $19.24.").

Nor can a plaintiff survive dismissal by alleging that a reasonable consumer would not read a website's conspicuous terms. *See Storey*, 2024 WL 2882270, at *6. This Court's decision in *Storey* is instructive. There, as here, an online retailer included on its website a link to terms "directly underneath the order total next to the 'Place your order' button on the checkout page," along with a notification that "[b]y placing your order, you agree to [retailer's] privacy notice and conditions of use." *Id.* Under those circumstances, this Court concluded that the retailer's terms were disclosed to the plaintiff, were not deceptive or unfair, and dismissal was appropriate. *Id.* at *6 n.6; *see also Shellenberger*, 2024 WL 4144108, at *8 (dismissing CPA claims because to permit plaintiffs to ignore disclosures "would encourage CPA claims premised on a consumer's blind ignorance").

Application of these principles demonstrates conclusively that Plaintiffs' CPA claim fails.

### a.    Mundle's Allegations Are Insufficient to Establish an Unfair or Deceptive Practice in the Face of Doxo's Numerous Disclosures

Although Doxo's website alone demonstrates Plaintiffs cannot establish an unfair or deceptive act, Mundle's individual allegations only bolster that conclusion. For example, Mundle alleges he initially visited Doxo's website because a "search engine" displayed a result that included a logo from his doctor's office. Am. Compl. ¶ 6. Likewise, in 2021 and 2024, Mundle alleges he believed he was being directed to his billers' payment websites because Google "show[ed] a link identified as the NY State Thruway and using the NY State Thruway logo" and a "search result[]" listed a website that "appeared to be CT Orthopedics because it had its name and logo." *Id.*, ¶¶ 7, 8. Mundle does not allege that Doxo is responsible for the manner in which its weblinks appeared on the search engines, or that Doxo did anything unfair or misleading that contributed to Mundle's confusion. But more importantly, the Amended Complaint itself acknowledges that any link appearing on a search engine and directing a consumer to Doxo's website would have included Doxo's name in the weblink, labeled the search result as an "Ad" or "Sponsored," and used phrases like "Submit Your [biller] Payment Online *with doxo*" and "Pay Your [biller] Bill *with doxo*." *Id.*, ¶¶ 35, 68 (emphasis added). These disclosures defeat any claim

Defendants' Motion to Dismiss Amended
Complaint
(2:24-cv-00893-JNW)

11

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

that Mundle was deceived.  As the Ninth Circuit recently held, the word "Ad" is sufficient to notify a reasonable consumer that a search result is an advertisement, not organic.  *Lerner & Rowe PC*, 2024 WL 4537915, at *7 ("[W]e conclude that the bolded 'Ad' designation next to each of ALG's advertisements sufficiently distinguishes ALG's advertisements from the search's organic results.").  Indeed, "regular internet users can readily distinguish domain names associated with the companies they are searching for from those they are not."  *Id*. at *6.

Mundle nonetheless alleges Defendants deceived him because Doxo did not affirmatively disclaim affiliation with the billers that Mundle searched for online.  *See, e.g.*, Am. Compl. ¶ 7 ("Nowhere on [Doxo's] website was there any indication that the payment portal was not authorized or controlled by the NY State Thruway.").  That allegation is squarely contradicted by other allegations in the Amended Complaint but also by even the most cursory review of Doxo's webpages.  As the Amended Complaint acknowledges and as this Court has held, a user who clicks on an ad or search result cannot be deceived that they have arrived at their biller's website because Doxo's name is prominently displayed on Doxo's landing page.  *Id.*, ¶ 37 ("Pay your . . . bill with doxo . . . .");  *CMRE*, 2022 WL 16701259, at *8–9 (because of numerous disclaimers on Doxo's website and "its own branding," "it is not plausible that any reasonable consumer accustomed to navigating the internet would be confused").  Further, Doxo *does* disclose, in plain English, that it "is not an affiliate of" any relevant biller, that it has not received any "endorsement" from any relevant biller, and the any "[l]ogos and other trademarks" used are the "property of their respective owners," not Doxo.  Shivers Decl., Exs. A, B.  These disclosures belie any allegation that Doxo's website could deceive a reasonable consumer.  *See Storey*, 2024 WL 2882270, at *6 (clear website terms "in plain English" were not deceptive or unfair under CPA); *Shellenberger*, 2024 WL 4144108, at *7 (disclaimer "in plain English" was not deceptive under CPA).  Moreover, the presence of links to billers' websites on Doxo's landing page indicates that billers are separate from Doxo.  *CMRE*, 2022 WL 16701259, at *8.  Plaintiffs cannot survive dismissal by ignoring Doxo's conspicuous disclosures.  *See Storey*, 2024 WL 2882270, at *6.

Mundle further alleges that, had he known his payments would not be credited immediately, he would not have paid Doxo's service fees.  Am. Compl. ¶¶ 6–8.  Notably, Mundle admits he was well aware of Doxo's fees before making any of the payments alleged.  That admission directly contradicts Plaintiffs' contention that Mundle was charged a fee without his "knowledge and consent."  *See id.*, ¶ 102.  Moreover, Doxo explicitly discloses the amount of any applicable fee before finalizing a consumer transaction.  *Id.*, ¶ 44; Shivers Decl., Exs. C, D. Charging a fee is not deceptive under the CPA where, as here, the defendant "clearly and expressly notifies" the plaintiff of the fee in advance.  *See Penner v. Chase Bank USA NA*, 457 F. App'x 693, 694 (9th Cir. 2011) (plaintiff failed to state CPA claim based on bank's actions where bank "openly and expressly notifie[d] cardholders of the actions it reserve[d] the right to take"); *see also In re Amazon Serv. Fee Litig.*, 2024 WL 3460939, at *8.

Nor is Mundle's allegation that he was deceived about the timing of payment plausible. As the Amended Complaint repeatedly acknowledges, Doxo explicitly and prominently discloses the payment delivery date before users complete checkout.  Am. Compl., ¶ 44 ("Delivery by: April 23"); *id.*, ¶ 69 ("Delivery by: November 3"); *id.*, ¶ 73 ("Delivery by: June 4"); *see also* Shivers Decl., Ex. C (listing "payment delivery" times by payment option).

In short, Mundle's allegations of unfair or deceptive practices are squarely at odds with the Amended Complaint's other allegations acknowledging Doxo's numerous disclosures, the actual contents of Doxo's website, and the relevant law.  Under the circumstances, any reasonable consumer "could have avoided" the injury alleged by Mundle in light of Doxo's disclosures.  *See Childress*, 2011 WL 887975, at *2.  Thus, Mundle cannot establish an unfair or deceptive act sufficient to support a CPA claim.  *See id.*; *see also Shellenberger*, 2024 WL 4144108, at *8.

### b.    Knight Fails to Allege Any Unfair or Deceptive Act

Knight's allegations are even less plausible.  Knight alleges she had a Doxo account she did not want, but she fails to allege Doxo did anything to deceive her into signing up for the account.  Indeed, she has "no prior recollection of ever navigating to Doxo's website," and did not even shop online.  Am. Compl. ¶¶ 11, 16, 18.  Nor does Knight allege any theory by which Doxo

Defendants' Motion to Dismiss Amended
Complaint
(2:24-cv-00893-JNW)

13

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

obtained her information to create her account; she does not allege that Doxo misrepresented itself as Seventh Avenue or used improper means to charge her debit card.  The Amended Complaint utterly fails to "connect the dots" between Knight and any unfair or deceptive act by Defendants. *See Cary v. First Am. Title Ins. Co. Lenders Advantage*, 2024 WL 1091670, at *6 (W.D. Wash. Mar. 13, 2024) (dismissing CPA claim for failing to "connect the dots" between "convoluted allegations").  In the absence of a plausible theory of how Knight obtained a Doxo account without visiting its webpage or shopping online, her allegation that Doxo did something wrong "stops short of the line between possibility and plausibility by 'entitlement to relief."  *See Iqbal*, 556 U.S. at 678 (complaint that "pleads facts that are 'merely consistent with' a defendant's liability" warrants dismissal) (quoting *Twombly*, 550 U.S. at 557).

Moreover, because the Amended Complaint sounds in fraud,[3] to state a plausible claim, Knight was required to allege "the who, what, when, where, and how of the misconduct charged." *Carter*, 2021 WL 1893749, at *2.  But Knight does not allege what statement(s) allegedly deceived her, how Defendants participated in that deception, or anything else that would allow Defendants or the Court to ascertain how Knight acquired a Doxo subscription that she did not want.  As a result, Knight's allegations fail Rule 9(b).

In short, Knight's allegations do not come close to alleging an unfair or deceptive act, warranting dismissal.

### 3.    Plaintiffs' CPA Claim Fails Because Plaintiffs Fail to Allege Causation

Plaintiffs' CPA claim also fails because their allegations are insufficient to establish causation.  To state a CPA claim, a plaintiff must allege a "causal link between the deceptive act and the injury."  *Grego v. Kadlec Reg'l Med. Ctr.*, 764 F. App'x 570, 572 (9th Cir. 2019) (cleaned up).  Specifically, a complaint must allege that "but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury."  *Robertson*, 982 F. Supp. 2d at 1209.  Thus, a

---

[3] *See, e.g.*, Am. Compl. ¶ 3 (alleging Defendants engaged in "fraudulent activity" and "fraud and deceit"); *id.*, ¶ 89 (alleging "fraudulent business practices"); *id.*, ¶ 112 (alleging "fraudulent conduct").

plaintiff must allege actual exposure to or awareness of the defendant's deceptive or unfair act to survive dismissal. *Gray*, 653 F. Supp. 3d at 859. Courts have repeatedly dismissed complaints under the CPA in the absence of such allegations. *See, e.g.*, *id.* (dismissing complaint that "contain[ed] no allegations that Plaintiffs viewed or heard any of those statements or were otherwise aware of them" at the time of purchase); *Maple*, 649 F. App'x at 572 (dismissing CPA claim where plaintiff failed to "allege[] that he read" the defendant's allegedly deceptive labeling); *see also Desranleau v. Hyland's, Inc.*, 450 P.3d 1203, 1210 (Wash. Ct. App. 2019) (CPA claim failed where plaintiff had not heard of defendant before alleged violation occurred). Neither named Plaintiff makes allegations that meet these standards.

**Mundle.** The Amended Complaint fails to allege any connection between a deceptive statement or act by Defendants and Mundle's alleged injuries. Notably, the Amended Complaint fails to allege any statement that Mundle read on Doxo's website (much less any statement made to him by Defendants Shivers or Parks), why he ignored (or failed to understand) the multiple disclaimers appearing throughout Doxo's checkout process, or why he was misled despite the "numerous other indications that Doxo is the source of the website's content." *See CMRE*, 2022 WL 16701259, at *2 (recommending dismissal of CPA claims in light of this content). Absent any allegation that he read a particular misrepresentation or allegedly deceptive statement, Mundle cannot establish that, but for Doxo's statements, his injuries would not have occurred. *See Gray*, 653 F. Supp. 3d at 859; *In re Amazon Serv. Fee Litig.*, 2024 WL 3460939, at *7; *see also CMRE*, 2022 WL 16701259, at *3. In an attempt to overcome this deficiency, Mundle alleges he would not have used Doxo's services had he known payment would not be immediately credited to his accounts. Am. Compl. ¶¶ 6–8. But the Amended Complaint fails to allege any statement on Doxo's website that suggests immediate payment. To the contrary, Doxo explicitly informs its users of the payment delivery date before users complete the payment process. *Id.*, ¶¶ 44, 69, 73; Shivers Decl., Ex. C.

The vague allegation that Doxo's website somewhere included the name of the NY State Thruway, Am. Compl. ¶ 7, also does not save Mundle's CPA claim because including a biller's

Defendants' Motion to Dismiss Amended
Complaint
(2:24-cv-00893-JNW)

15

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

name is the only way "to avoid consumer confusion in distinguishing between" which biller is being paid. *CMRE,* 2022 WL 16701259, at *3 ("No other practical and/or effective method exists to identify [billers] other than by using their names."). "To preclude Doxo from using [billers' names] would undermine the functionality of Doxo's consumer service." *Id.* at *6. As a result, this allegation is likewise insufficient to establish causation.

The Amended Complaint's allegations concerning Mundle's search engine results also cannot save the CPA claim because there is no allegation that Defendants did anything to cause the results. Even taking the allegations as true, there is nothing to "connect the dots" between Defendants, Mundle's search results, and his alleged injury. *See Cary,* 2024 WL 1091670, at *6 (dismissing CPA claim for failing to "connect the dots").

Finally, the Amended Complaint's allegations make clear that Mundle reasonably (and easily) could have avoided any alleged injury caused by his 2024 visit to Doxo's website had he declined to proceed with the transaction and called his doctor's office directly, as he did *the very next day.* Am. Compl. ¶ 8. Indeed, there is no plausible allegation explaining why Mundle could not have taken the same step with respect to the other two billers he says he unwittingly paid through Doxo. This allegation alone warrants dismissal. *See Hong,* 2021 WL 3207684, at *6 (dismissing CPA claim where alleged injury was reasonably avoidable).

***Knight.*** With regard to Knight, the Amended Complaint fails to allege *any* facts that could support but-for causation. She never visited Doxo's website and "had never heard of" Doxo before being charged. Am. Compl. ¶¶ 16, 18. She does not allege any act or statement that caused deception or injury. At most, she alleges that she somehow obtained a Doxo account she did not want, while acknowledging that she simply does not recall visiting or enrolling. Further, the generalized allegations of bad conduct cut and pasted from the FTC complaint have no application to Knight. For example, the Amended Complaint broadly alleges that Doxo misleads customers with deceptive search results, tricks customers into paying unnecessary fees, and ignores customer complaints. *See, e.g.*, Am. Compl. ¶¶ 32–62. But none of these allegations applies to Knight. She does not allege she searched the internet and was directed to Doxo, causing her to use Doxo's

services.  She does not allege that Doxo duped her into paying unnecessary fees.  And when she called customer service (on September 19, 2024, just days before Plaintiffs filed their Amended Complaint), Doxo did not ignore her complaint but immediately canceled the unwanted account. *Id.*, ¶ 19.  In short, Knight does not and cannot allege that any of the alleged conduct set forth in the Amended Complaint caused her injury, dooming her CPA claim.

In fact, Knight's allegations are similar to those made by the plaintiff in *Desranleau*, where the plaintiff's CPA claim failed.  There, the plaintiff alleged that Hyland, a manufacturer of children's medicine, violated the CPA by knowingly selling contaminated medicines.  *Desranleau*, 450 P.3d at 1206.  In affirming summary judgment for Hyland, the Washington Court of Appeals held that the plaintiff could not establish a causal link between her injury and Hyland's alleged deceptive act because the plaintiff had never heard of Hyland at the time of her injury:

> [Plaintiff's] CPA claim fails as a matter of law because she cannot establish that Hyland's induced her to do anything. [Plaintiff] admitted below that she never purchased any Hyland's product or even heard of Hyland's before this suit. Therefore, [Plaintiff] cannot establish that Hyland's induced her to act or refrain from acting, and as such she cannot establish a prima facie case for a violation of the CPA.

*Id*. at 1210.  Like the plaintiff in *Desranleau*, Knight alleges she did not buy services from Doxo and had not heard of Doxo at the time of her alleged injury. Am. Compl. ¶¶ 11, 16, 18. Thus, she fails to allege Defendants' conduct caused her to do anything.  Indeed, Plaintiff Knight *does not even meet the definition of the proposed class*, which includes people who provided "financial account information to Doxo." *Id*., ¶ 85.  Because Knight alleges she never heard of Doxo and never gave Doxo her financial information, and because she is the only putative class representative who allegedly had a doxoPLUS account, she cannot serve as a class representative, and the claim fails as to doxoPLUS subscriptions.  *See* Fed. R. Civ. P. 23(a); *see also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1008 (9th Cir. 2012) (affirming dismissal of putative class action where putative class representative's claim failed Rule 12(b)(6)).

In summary, neither Plaintiff alleges an injury caused by Defendants' actions.  As a result, the CPA claim must be dismissed.

**B.**    **Plaintiffs Fail to State a Claim for Unjust Enrichment Because They Received Value in Exchange for Fees**

Plaintiffs' claim for unjust enrichment likewise fails.  A claim for unjust enrichment requires a plaintiff to prove she conferred a benefit on the defendant and "retention of the benefit would be unjust under the circumstances."  *Alvarado v. Microsoft Corp.*, 2010 WL 715455, at *4 (W.D. Wash. Feb. 22, 2010).  Thus, to survive dismissal, a complaint must allege the defendant retained a "benefit without providing value."  *Id.* at *5 (dismissing unjust enrichment claim where there was "no allegation that [defendant] failed to give value to Plaintiff").  Further, the existence of a valid, existing contract defeats any quasi-contractual claim as a matter of law, including a claim for unjust enrichment.  *Storey*, 2024 WL 2882270, at *5 (citing *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008)).  Application of these standards requires dismissal of Plaintiffs' unjust enrichment claim.

First, Plaintiffs fail to allege Defendants retained a benefit unjustly under the circumstances.  Notably, there are *no allegations* regarding any benefit conferred on Defendants Shivers and Parks, which alone is fatal to the unjust enrichment claim against them.  Regarding Doxo, Plaintiffs vaguely throw around terms like "junk fees" and "unwanted fees."  Am. Compl. ¶¶ 3, 109.  But while Plaintiffs allege they were charged for Doxo's services, they fail to allege they did not receive value in return.  *See id.*, ¶¶ 6–22.  For example, Plaintiffs do not allege Doxo failed to deliver payment to their billers or that Doxo failed to do so in a timely fashion.  In short, there is no allegation that Doxo failed to provide bill-pay services to Plaintiffs in exchange for a fee.  Thus, Plaintiffs fail to allege that Doxo (much less any other Defendant) retained a benefit unjustly.  *See Alvarado*, 2010 WL 715455, at *5.

Further, Mundle cannot assert a claim for unjust enrichment because Mundle and Doxo had a contractual relationship.  As this Court held, "[a] party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied

contract relating to the same matter, in contravention of the express contract." *Storey*, 2024 WL 2882270, at *6. Thus, where the plaintiff and defendant are parties to a valid contract, a "claim for unjust enrichment cannot withstand [a] motion to dismiss." *Id*. In the context of an online transaction, a website's terms of use constitute a valid contract. *See id*. at *2; *Heinz*, 2024 WL 2091108, at *1 (considering contractual terms in online retailer's "Conditions of Use"); *Gray*, 653 F.Supp.3d at 851–52, 857 (online retailer's "Terms of Use" and online policies constituted "express terms in a contract"); *Shellenberger*, 2024 WL 4144108, at *7.

Here, Doxo notifies users during the checkout process that by proceeding, they agree to Doxo's Terms of Service:



Shivers Decl., ¶ 6 & Exs. C, D. The Terms of Service state that users "agree to be bound by these Terms. If you do not agree to these Terms, do not use the doxo Services." *Id*., Exs. E–J. The inclusion of a link to the Terms of Use in the checkout process is conspicuous such that a user would see them. *See Storey*, 2024 WL 2882270, at *6 n.6 ("These notices are conspicuous and described clearly, and their location on the checkout page and proximity to selections made by the consumer suggest that they would not be overlooked by the consumer."); *see also Shellenberger*, 2024 WL 4144108, at *7 (enforcing terms and conditions disclosed via link in marketing materials). Therefore, the Terms of Use, to which Mundle agreed to be bound in executing transactions on Doxo's website, created a valid contract between Mundle and Doxo, which defeats his unjust enrichment claim. *See id*. at *6.

Defendants' Motion to Dismiss Amended
Complaint
(2:24-cv-00893-JNW)

19

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**C.    Plaintiffs Fail to State a Claim for Declaratory Relief**

As explained below, the Amended Complaint's claim for declaratory relief should be dismissed for multiple independent reasons. A federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. However, a claim for declaratory relief requires an independent cause of action because § 2201 "presupposes the existence of a judicially remediable right." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). Thus, where the underlying action fails, so too does the claim for declaratory relief. *Id.* at 879; *Alvarado*, 2010 WL 715455, at *6 ("Given that Plaintiff has not adequately pleaded a CPA or an unjust enrichment claim, she has not adequately pleaded a claim for declaratory relief."); *Robertson*, 982 F. Supp. 2d at 1210; *Jennifer Doe v. United States Center for SafeSport, Inc.*, 2024 WL 3924663, at *10 (W.D. Wash. Aug. 23, 2024). As set forth above, the Amended Complaint fails to state cognizable claims for violations of the CPA or for unjust enrichment, dooming its ancillary claim for declaratory relief. *See City of Reno*, 52 F.4th at 879.

Moreover, a claim for declaratory relief, like any other claim, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *United States Center for SafeSport, Inc.*, 2024 WL 3924663, at *9 (quoting Fed. R. Civ. P. 8(a)(2)). "[V]ague and conclusory assertions" are insufficient to save a declaratory relief claim from dismissal. *Id.* Plaintiffs ask the Court to "enter a judgment declaring Plaintiffs' rights and legal relations under the Washington CPA." Am. Compl. ¶ 120. This ambiguous request fails to apprise Defendants or the Court of what specific "rights and legal relations" Plaintiffs seek to have resolved by declaratory judgment. Because Plaintiffs' ambiguous request fails Rule 8's pleading standard, Plaintiffs' declaratory judgment claim should be dismissed.

Plaintiffs' request for declaratory injunctive relief is also moot. The Court may dismiss a claim as moot if there is no meaningful relief to be granted. *Deutsche Bank Nat'l. Tr. Co. v. F.D.I.C.*, 744 F.3d 1124, 1135 (9th Cir. 2014). Plaintiffs ask the Court for four forms of injunctive relief. First, Plaintiffs ask for an order requiring Doxo to "clearly disclose" that it is not an official payment channel. Am. Compl. ¶ 122. But this Court has already held that Doxo's website

"mak[es] clear that Doxo is not affiliated with any one biller" and contains "notices in the payment checkout process specifically disclaiming any endorsement, sponsorship, or affiliation by any biller." *CMRE*, 2022 WL 16701259, at *2, 7.

Second, Plaintiffs ask for an order requiring Doxo to cease advertisements that "misdirect consumers." Am. Compl. ¶ 122. However, the Amended Complaint shows that search results are labeled as an "Ad" or "Sponsored," include the Doxo URL web address and phrases like "Submit Your [biller] Payment Online with doxo" and "Pay Your [biller] Bill with doxo," and include a link showing Doxo's website. *Id*., ¶¶ 35, 68.

Third, Plaintiffs seek an order requiring Doxo to "clearly disclose all material terms before charging" users. *Id*., ¶ 122. But Doxo discloses the total charge, the amount of applicable fees, and the payment delivery date. *Id*., ¶ 44; Shivers Decl., Exs. C, D. And Doxo notifies users during the checkout process that by proceeding, they agree to Doxo's Terms of Service. Shivers Decl., ¶ 6 & Exs. C, D. The Terms of Service state that users "agree to be bound by these Terms." *Id*., Exs. E–J. There is no allegation that Doxo's Terms of Service omit any material terms.

Fourth, Plaintiffs ask the Court to require Doxo to obtain users' consent before charging them. Am. Compl. ¶ 122. Doxo already does this, as the Amended Complaint makes clear. *See* Am. Compl. ¶¶ 44, 69, 73–74 (images from Doxo's website giving users opportunity to "Review" total, fee, and Terms and Conditions before proceeding to "Send Payment"). Thus, there is no meaningful relief to be granted, and Plaintiffs' claim should be dismissed is moot.

### D.   Plaintiffs Impermissibly Rely On Time-Barred Claims

The Amended Complaint also must be dismissed because its claims are time-barred in part. A CPA claim must be "commenced within four years," WASH. REV. CODE § 19.86.120, and a claim for unjust enrichment "shall be commenced within three years," WASH. REV. CODE § 4.16.080 (3).

The Original Complaint was filed on June 21, 2024. Dkt. 1. Thus, only actions that occurred on or after June 21, 2020, may serve as the basis of Plaintiffs' CPA claim. And only actions that occurred on or after June 21, 2021, may serve as the basis of Plaintiffs' unjust

enrichment claim. However, the CPA and unjust enrichment claims are based in part on actions that occurred in 2019. Am. Compl. ¶ 6. Moreover, the Amended Complaint proposes a class comprised of people who used Doxo's services from January 1, 2008, to the present. *Id.*, ¶¶ 85–86. That would include more than a decade's worth of time-barred claims.

Claims arising from transactions that occurred before June 21, 2020, and June 21, 2021, are outside the statutorily defined limitations periods for the CPA and unjust enrichment, respectively, and must be dismissed.

## IV. PLAINTIFFS FAIL TO STATE A CLAIM FOR INDIVIDUAL LIABILITY AGAINST SHIVERS AND PARKS

Finally, Plaintiffs fail to state any cognizable claim against Defendants Shivers and Parks. Corporate employees and officers are not automatically liable for a company's CPA violations. *Universal Life Church Monastery Storehouse v. King*, 2019 WL 2524993, at *2 (W.D. Wash. June 19, 2019) (corporate officer must "participate[] in the wrongful conduct, or with knowledge approve[] of the conduct" to be held individual liable); *MFG Universe Corp.*, 2022 WL 3028081, at *2 (corporate officer must be "*personally* responsible for the conduct at issue" (emphasis in original)). Rather, a plaintiff must show an individual defendant has "engaged in particularly damaging conduct" that is "deliberate and deceptive." *Parkinson v. Freedom Fid. Mgmt., Inc.*, 2012 WL 1931233, at *12–13 (E.D. Wash. May 29, 2012). At the pleading stage, a plaintiff must make particularized allegations satisfying the pleading standards for each defendant—a plaintiff may not treat "[i]ndividual [d]efendants as an undifferentiated mass." *MFG Universe Corp.*, 2022 WL 3028081, at *2. Where the complaint "does not make sufficient particularized allegations for each [individual defendant] to satisfy the pleading standards," that failure "alone is a basis for dismissal." *Id.*

The Amended Complaint fails to make sufficient particularized allegations against Defendants Shivers or Parks. The few allegations concerning Shivers and Parks fail to describe any conduct that could establish individual liability. For example, Plaintiffs allege Shivers and Parks knew of consumer complaints. Am. Compl. ¶¶ 52–53, 58. But nothing about the mere

Defendants' Motion to Dismiss Amended
Complaint
(2:24-cv-00893-JNW)

22

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

receipt of such complaints indicates that Shivers or Parks engaged in damaging or deliberate and deceptive conduct, which is insufficient. *See Parkinson*, 2012 WL 1931233, at *13. The same is true of Plaintiffs' allegations regarding Shivers' and Parks' cooperation with investigations by state attorneys general and Parks' negotiation with a credit card company. *See* Am. Compl. ¶¶ 53–55. If anything, these allegations demonstrate that Shivers and Parks were acting to *address and respond to* concerns regarding Doxo's website and practices, rather than to minimize and exacerbate those concerns. Plaintiffs' allegation that Parks accused a toll company of defamation for its statements about Doxo's practices (*see id.*, ¶ 56) similarly demonstrates Parks *disagreed* that Doxo's practices are somehow misleading, not that he knew about and was complicit in or approved of allegedly misleading practices. Indeed, the toll company allegation does not even say that Parks' opinion was wrong or unreasonable. *See id.* Finally, Plaintiffs allege Parks and Shivers resolved a search engine company's concerns concerning Doxo's advertising. *Id.*, ¶¶ 63, 66, 67. Far from showing damaging or deliberate and deceptive conduct, these allegations show that Shivers and Parks worked in good faith with another company to resolve its concerns. Other paragraphs allege knowledge or attendance at meetings by Shivers and Parks without alleging any actions they individually took, much less that either directed or approved company actions that were misleading or deceptive. *See id.*, ¶¶ 58, 75–79.

    That leaves only the Amended Complaint's vague and conclusory allegation that Shivers and Parks "controlled, or had the authority to control, or participated in Doxo's" actions. *Id.* ¶¶ 24–25. But "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" because courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Heinz*, 2024 WL 2091108, at *2 (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)). Plaintiffs' allegations against Shivers and Parks either fall short of setting forth particularized facts regarding those Defendants' participation in wrongful conduct, or the allegations are entirely conclusory and impermissibly lump those Defendants together with Doxo. *See* Am. Compl. ¶¶ 102, 110; *MFG Universe Corp.*, 2022 WL 3028081, at *2.

Because Plaintiffs' allegations concerning Shivers and Parks fail to demonstrate *any* misleading or deceptive conduct—much less any "deliberate and deceptive" or "particularly damaging" conduct—the Court should dismiss all claims against them.

## V.  **CONCLUSION**

Plaintiffs had their chance to fix their pleading, and they failed.  As this Court has already determined, Doxo's website does not mislead consumers.  There is no allegation in the Amended Complaint that should lead the Court to a different conclusion now.  For this and all the reasons discussed above, the Amended Complaint should be dismissed with prejudice.

I certify that this memorandum contains 8,360 words, in compliance with the Local Civil Rules.

Dated:  November 6, 2024                    Respectfully submitted,

*/s/ Roger M. Townsend*
Roger M. Townsend
BRESKIN JOHNSON & TOWNSEND
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Telephone: (206) 652-8660

Amy L. Ruhland (admitted *pro hac vice*)
Ryan J. Sullivan (admitted *pro hac vice*)
Abigail Griffith (admitted *pro hac vice*)
REICHMAN JORGENSEN LEHMAN
& FELDBERG LLP
515 Congress Ave.
Suite 1900
Austin, TX 78701
Telephone: (650) 623-1401

*Attorneys for Defendants*